**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4678**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RUSSEL GUYE DADZIE,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:24-cr-00051-PTG-1)

─────────────

Submitted:  September 25, 2025                Decided:  October 22, 2025

─────────────

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Brooke S. Rupert, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, James Reed Sawyers, Assistant United States Attorney, Jordan Harvey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Russel Guye Dadzie of two counts of impersonating a federal officer, in violation of 18 U.S.C. § 912. The district court sentenced Dadzie to one day of incarceration and one year of supervised release. On appeal, Dadzie argues that the evidence was insufficient to prove that he acted as a federal officer, and the district court erred in denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29. We affirm.

We review de novo the denial of a Rule 29 motion for a judgment of acquittal. *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). "We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the government, the verdict is supported by substantial evidence." *Id*. (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (internal quotation marks omitted). "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his convictions faces "a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To obtain a conviction for impersonating a federal officer, the government must show:

2

> (1) that the defendant was not an officer or employee of the United States; (2) that the defendant falsely pretended to be an officer or employee of the United States; (3) that the defendant acted as such or demanded or obtained a thing of value; and (4) that the defendant did so knowingly and willfully.

*United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021). On appeal, Dadzie challenges the sufficiency of the evidence as to the third element—whether he acted as a federal officer.

The "acted as such" element "requires more than a mere representation of being a federal officer or employee." *United States v. Roe*, 606 F.3d 180, 188 (4th Cir. 2010). In *Ziegler*, this court found there was sufficient evidence to satisfy the acting as such element where the defendant repeatedly told police and court officials that they lacked jurisdiction over him because he was an Assistant United States Attorney, claimed that because of this position, any charges brought against him would be dropped, and refused to consent to a blood draw. 1 F.4th at 234. In *Ziegler*, we held that when viewing the evidence in a light most favorable to the government, a reasonable jury could credit the officer's impressions and testimony, and Ziegler's statements were an attempt to falsely use a position to exert pressure. *Id*.

Based on these principles, we discern no reversible error in the district court's denial of Dadzie's Rule 29 motion. At trial, the Government introduced testimony by law enforcement officers and body camera footage showing that Dadzie claimed he was a federal officer, resisted showing police officers his driver's license, and instead showed the officers his personal identity verification cards that indicated Dadzie's status as a federal contractor. Law enforcement officers testified that during these encounters they interpreted

3

Dadzie's conduct as an attempt to exhibit authority. In addition, the Government introduced Dadzie's own statements that he showed his personal identity verification cards rather than his driver's license as an attempt to deter police officers. Dadzie's conduct went beyond a mere representation of being a federal officer or employee.

Accordingly, we affirm Dadzie's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*